**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:20-cv-00105-MR**

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | <u>**MEMORANDUM OF**</u> |
| ) | <u>**DECISION AND ORDER**</u> |
| **LEES-McRAE COLLEGE, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 40]; the Plaintiff's Motion to Strike, or Alternatively, for Leave to Respond to, Amended Answer [Doc. 53]; the Plaintiff's Motion for Leave to Proceed Anonymously [Doc. 38]; and the Plaintiff's Motion for Preliminary Injunction [Doc. 31].

# I.    BACKGROUND

On April 29, 2020, the Plaintiff John Doe filed a Complaint (the "Original Complaint") against the Defendants Lees-Mcrae College ("LMC"), Lee King, Jon Driggers, and Joshua Gaisser (collectively the "Defendants") alleging the Defendants violated his rights under Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act") and Title III of the

Americans with Disabilities Act, 42 U.S.C. §§12101, et seq. (the "ADA") and asserting various state law claims. [Doc. 1]. On June 26, 2020, the Defendants filed a Motion to Dismiss. [Doc. 10]. On July 17, 2020, the Plaintiff filed his First Amended Complaint. [Doc. 13].

On August 21, 2020, the Defendants filed their "Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion to Strike." [Doc. 17]. The Motion to Dismiss the Amended Complaint was fully briefed, and the Magistrate Judge submitted a Memorandum and Recommendation on February 4, 2021. [Doc. 25]. On March 22, 2021, the Court adopted the Memorandum and Recommendation and dismissed the claims of negligence, intentional and negligent inflection of emotional distress, fraud in the inducement/breach of contract, and all of the claims against Defendants King, Driggers, and Gassier (the "Individual Defendants"). [Doc. 30]. On April 5, 2021, LMC filed an Answer to the Plaintiff's First Amended Complaint and a Counterclaim. [Doc. 35].

On April 2, 2021, the Plaintiff filed a Motion for a Preliminary Injunction requesting that the Court order LMC to release the Plaintiff's academic transcripts to Appalachian State University. [Doc. 31]. LMC filed a response on April 16, 2021. [Doc. 43]. The Plaintiff replied on April 23, 2021. [Doc. 44].

On April 12, 2021, the Plaintiff filed a Motion for Leave to Proceed Anonymously. [Doc. 38]. LMC did not respond.

Also on April 12, 2021, the Plaintiff filed the Motion for Leave to File Second Amended Complaint ("Motion to Amend"). [Doc. 40]. In the Plaintiff's Motion to Amend the Plaintiff states that the proposed Second Amended Complaint would correct misnumbered paragraphs, add factual allegations "either newly revealed to counsel, or based on events that occurred after the [First Amended Complaint] was filed," add a cause of action for civil conspiracy, and conform the claims to the alleged facts. [Doc. 40 at 1-2]. In the Plaintiff's Proposed Second Amended Complaint the Plaintiff reasserts all of the claims that were previously dismissed with prejudice.

On April 26, 2021, LMC filed a response opposing the Plaintiff's Motion to Amend. [Doc. 46]. The Plaintiff replied on May 3, 2021. [Doc. 51].

On May 10, 2021, LMC filed their "First Amended Answer to Plaintiff's First Amended Complaint and First Amended Counterclaim." [Doc. 52]. LMC asserted counter claims against the Plaintiff for breach of contract and unjust enrichment based on an alleged outstanding balance of $5,560.77 owed by the Plaintiff to LMC. [Id. at 25-27]. On May 17, 2021, the Plaintiff filed their "Motion to Strike, or Alternatively, for Leave to Respond to, Amended

Answer." [Doc. 53].  On June 1, 2021, LMC replied. [Doc. 55].  The Plaintiff responded on June 8, 2021. [Doc. 56].

## II.    STANDARDS OF REVIEW

### A.    Amend Complaint

Under the Federal Rules of Civil Procedure, a plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Leave to amend is futile when the amended complaint would not survive a motion to dismiss. Save Our Sound OBX, Inc. v. N.C. DOT, 914 F.3d 213, 228 (4th Cir. 2019).

## B.    Preliminary injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent injunctive relief, (3) the balance of equities tips in his favor, and (4) the injunction would be in the public interest. Id. at 20.  In each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987).  Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court.  See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III.    DISCUSSION

### A.    Motion for a Second Amended Complaint

The Plaintiff seeks to amend his First Amended Complaint.  According to the Plaintiff the amendment would (1) correct misnumbered paragraphs; (2) add "factual allegations either newly revealed to [Plaintiff's] counsel, or based on events that occurred after the [First Amended Complaint] was filed;" and (3) "conform[] the claims to the alleged facts, adding a cause of

action for civil conspiracy." [Doc. 40 at 2]. LMC counters that the Plaintiff's Motion to Amend should be denied because it is futile, prejudicial to the Defendants (including those previously dismissed), and untimely. [Doc. 46 at 9-16].

### 1) Claims Previously Dismissed with Prejudice

This Court previously dismissed with prejudice all of the claims against the Individual Defendants and the state law claims of negligence, intentional or negligent infliction of emotional distress,[1] and fraud in the inducement/ breach of contract. [Doc. 30]. In the Proposed Second Amended Complaint, the Plaintiff reasserts all of the dismissed claims. [Doc. 40-1].

The Plaintiff argues that including these claims in his Second Amended Complaint is necessary in order to preserve these claims for appeal. This argument is inconsistent with circuit precedent. There is no requirement "to replead dismissed claims in order to preserve the right to appeal the dismissal." Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001) (citing Davis v. TXO Prod. Corp., 929 F.2d 1515, 1518 (10th Cir. 1991); Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay

---

[1] In his Original Complaint, Amended Complaint, and Proposed Second Amended Complaint the Plaintiff titles this cause of action with the misnomer "intentional or negligent infliction of emotional harm." [Docs. 1 at 9; 13 at 11; 40-1 at 16]. The North Carolina cause of action for intentional or negligent infliction of emotional *distress* requires something more than emotional harm, as outlined in this Court's previous Order.

Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000); Dunn v. Air Line Pilots Ass'n, 193 F.3d 1185, 1191 n.5 (11th Cir. 1999)). Claims previously dismissed with prejudice are not waived for the purposes of appeal even when not reasserted in an amended complaint. Id.

The Plaintiff's proposed amendments reasserting the claims for violation of the ADA and Rehabilitation Act against the Individual Defendants, and the claims of negligence; intentional or negligent infliction of emotional distress; and fraud in the inducement/ breach of contract would be futile for the same reasons those claims were dismissed previously.[2] The Court denies the Plaintiff's Motion to Amend to the extent the Plaintiff attempts to replead claims previously dismissed with prejudice.

2)      Civil Conspiracy

The Plaintiff also seeks to amend so that he can assert a claim for civil conspiracy against LMC and the Individual Defendants.

To state a claim for civil conspiracy under North Carolina law, a plaintiff must allege facts fulfilling the following essential elements: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or

_____

[2] To the extent that the Plaintiff argues that the Court erred by dismissing these claims in the first place, this argument is rejected as the Plaintiff has not presented any new argument or basis on which the Court should reconsider its prior rulings.

more of the conspirators; and (4) pursuant to a common scheme." <u>Piraino Bros., LLC v. Atl. Fin. Group, Inc.</u>, 211 N.C. App. 343, 350, 712 S.E.2d 328, 333 (2011), <u>disc. rev. denied</u>, 365 N.C. 357, 718 S.E.2d 391 (2011) (quoting <u>Privette v. Univ. of N.C.</u>, 96 N.C. App. 124, 139, 385 S.E.2d 185, 193 (1989)). However, "there is no independent cause of action for civil conspiracy." <u>Sellers v. Morton</u>, 191 N.C. App. 75, 83, 661 S.E.2d 915, 922 (2008) (internal citations and quotations omitted). Rather, plaintiffs must be able to state "an underlying claim for unlawful conduct" in order to state a claim for conspiracy. <u>Id.</u>

Regarding the first element requiring that two or more individuals agree to commit the wrongful acts stated in the complaint, the intracorporate immunity doctrine provides that "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." <u>Buschi v. Kirven</u>, 775 F.2d 1240, 1251 (4th Cir. 1985) (quoting <u>Nelson Radio & Supply Co. v. Motorola, Inc.</u>, 200 F.2d 911, 914 (5th Cir. 1952)); <u>Iglesias v. Wolford</u>, 539 F. Supp. 2d 831, 835-36 (E.D.N.C. 2008) ("A corporation's officers, employees, or agents are mere extensions of the corporation, and an agreement between such personnel (or between such personnel and the corporation they serve) is therefore not a conspiracy."). Asserting a conspiracy claim against a

corporation and its agents in their individual capacities does not destroy this immunity. Buschi, 775 F.2d at 1252 ("Nor is the immunity granted under the doctrine to the agents and the corporation destroyed because the agents are sued individually.").

LMC argues that the amendment to add the claim for civil conspiracy would be futile as the Plaintiff cannot show "an agreement between two or more individuals" because "Lees-McRae College and its agents and employees constitute a single legal entity under the intracorporate immunity doctrine." [Doc. 46 at 10]. In the Proposed Second Amended Complaint, the Plaintiff specifically alleges that the Individual Defendants were "at all times relevant hereto" serving in their official capacities at Lee-McRae College. [Doc. 41-1 at 3 ¶¶ 6-8]. Consequently, these Defendants are all part of the same entity and thus did not constitute the requisite "two or more individuals" to comprise a conspiracy. See Buschi, 775 F.2d 1240. In contradiction to his allegations, however, the Plaintiff now argues that "Defendants Gassier and Driggers parted company with LMC in the midst of these events" and were no longer agents of LMC "as these events continued to unfold." [Doc. 51 at 5].[3] As such, their actions would not be attributable to LMC. Either way, the

---

[3] Perplexingly, the Plaintiff also appears to argue the existence of a conspiracy based on future, not yet taken, deposition testimony of the Individual Defendants. The Plaintiff argues that "[d]iscovery is necessary" to determine if there is a conspiracy because if the

Plaintiff makes insufficient allegations of fact in the Proposed Second Amended Complaint to support a possible claim that LMC or the Individual Defendants conspired to deprive the Plaintiff of his rights under the ADA or Rehabilitation Act after he left school at LMC.[4]

Even if the intracorporate immunity doctrine did not apply in this case, the Plaintiff could not recover on a claim against the Individual Defendants for conspiring to violate either the ADA or the Rehabilitation Act. The Court has already dismissed the ADA and Rehabilitation Act claims against the Individual Defendants because there is no individual liability under either. The ADA does not support claims against individual defendants. Therefore, allowing such a conspiracy claim against these defendants would circumvent congressional intent. See Burkhart v. Intuit, Inc., No. CV-07-675-TUC-CKJ, 2009 WL 528603, at *9 (D. Ariz. Feb. 26, 2009) (holding that because the ADA does not permit claims against individual defendants permitting "an aggrieved plaintiff to assert a conspiracy claim against individual employees

_____

Individual Defendants deny in their depositions that the Plaintiff "informed them of his disability, or that he sought accommodations" then the Plaintiff "has a well-pleaded claim that they are participating in an ongoing civil conspiracy to deprive him of his rights under federal law." [Doc. 51 at 5]. The Plaintiff may not join defendants to this action based on statements they may or may not make in the future.

[4] The Plaintiff does not set forth any allegations explaining how the Individual Defendants' actions could violate the ADA or Rehabilitation Act after the Plaintiff was no longer a student.

for alleged ADA violations would effectively permit a plaintiff to circumvent the remedies of the ADA and the congressional intent to limit liability for ADA violations to employers only"); Adler v. I & M Rail Link, LLC, 13 F. Supp. 2d 912, 944 (N.D. Iowa 1998) ("[A] state-law civil conspiracy claim alleging conspiracy to violate the ADA or the ADEA is barred, because each of these statutes employs a detailed administrative and remedial scheme, and to allow a common-law action that might evade this scheme is not what Congress intended.").

For these reasons, the Plaintiff's proposed civil conspiracy claim would not survive a motion to dismiss and, thus, the proposed amendment will not be allowed. See Save Our Sound OBX, Inc., 914 F.3d at 228 ("A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss."); Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 420-21 (4th Cir. 1990) ("There is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

The Plaintiff also asserts entitlement to punitive damages based on this conspiracy claim. Punitive damages, however, "may not be awarded for private civil suits brought under" these particular sections of the ADA or Rehabilitation Act. Barnes v. Gorman, 536 U.S. 181, 189 (2002). Therefore,

the Plaintiff's proposed amendment to include claims of relief for punitive damages is likewise denied as futile.

### 3) Permanent Injunction

In the proposed Second Amended Complaint, the Plaintiff also requests a permanent injunction in order to receive his transcripts from LMC. [Doc. 40-1 at 19].[5] While the request for a permanent injunction is identified in the Complaint as a freestanding count, "claims for injunctive relief do not exist as unique causes of action per se." Eli Research, Inc. v. United Communications Group, LLC, 312 F.Supp.2d 748, 764 (M.D.N.C .2004) (citing Shugar v. Guill, 304 N.C. 332, 335, 283 S.E.2d 507 (1981)); Kearney v. Blue Cross & Blue Shield of N.C., 233 F. Supp. 3d 496, 508 (M.D.N.C. 2017) ("It is well settled that a request for injunctive relief is not a cause of action but rather a type of remedy."). There must be an underlying claim for which the injunction could be granted in order for the remedy to remain in the complaint. See Domtar AI Inc. v. J.D. Irving, Ltd., 43 F. Supp. 3d 635, 642 (E.D.N.C. 2014) ("[B]ecause all claims have been dismissed, the claim for injunction cannot survive.").

---

[5] Plaintiff also seeks injunctive relief to require LMC to change its policies to prevent future discrimination against students with disabilities. [Doc. 40-1 at 21]. That is not a subject of the present Motion or this Order.

The proposed count for injunctive relief does not have any connection with the remaining claims. It is merely a request for a remedy in search of a basis to provide it. Therefore, the proposed amendment will be denied as futile as to the injunctive relief count.[6]

### 4) Amend Factual Allegations and Correct Numbering

The Plaintiff also seeks to amend his First Amended Complaint to add new factual allegations and correct misnumbered paragraphs. According to the Plaintiff, these factual allegations were "either newly revealed to [Plaintiff's] counsel, or based on events that occurred after the [First Amended Complaint] was filed." [Doc. 40 at 2]. The Defendant counters that the Plaintiff's proposed additional factual allegations should be denied because of "undue delay and failure to cure the same deficiencies by previous amendments." [Doc. 46 at 14].

"Delay alone . . . without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice" as a reason for denying a motion to amend. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), cert. denied, 448 U.S. 911, 101 S. Ct. 25, 65 L. Ed. 2d 1141 (1980); see also Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) ("[D]elay must be accompanied by prejudice, bad faith,

---

[6] The Plaintiff also filed a Motion for a Preliminary Injunction which is discussed *infra*.

or futility") (citing <u>Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 509 (4th Cir. 1986)). Prejudice from delay will normally depend on the nature of the amendment and the length of time of the delay. <u>Adbul-Mumit v. Alexandria Hyundai, LLC</u>, 896 F.3d 278, 293 (4th Cir. 2018) (citing <u>Laber v. Harvey</u>, 438 F.3d 404, 427 (4th Cir. 2006)). Generally, "[t]he further the case [has] progressed . . . , the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." <u>See</u> <u>Laber</u>, 438 F.3d at 427 (citations omitted); <u>see also</u> <u>Cadwell v. Commissioner</u>, 483 F. App'x 847, 853 (4th Cir. 2012) (quoting <u>Laber</u>, 438 F.3d at 427). The court should look to the "particular circumstances" such as whether the amendment merely elaborates on allegations in the original complaint rather than setting forth a completely new claim. <u>See</u> <u>Scott v. Family Dollar Stores, Inc.</u>, 733 F.3d 105, 118-19 (4th Cir. 2013); <u>Davis</u>, 615 F.2d at 613 (holding that as the "defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case").

Here, although this case has been pending for over a year, it has not progressed very far.[7] There has not yet been a Scheduling Order issued

---

[7] The Court notes that the case has not progressed because of the multitude of filings by both sides, particularly in attempting to plead, re-plead, and re-re-plead this case. This is a most inefficient manner in which to prosecute any civil litigation. The Court trusts that

and, thus, the period for Court-enforceable discovery has not yet commenced. See LCvR 26.1. Further, the factual allegations are "merely elaborations on an allegation in the original complaint." Scott, 733 F.3d at 118-19. [8] Thus, while there has been some delay, the Court concludes that the proposed factual amendments would not result in sufficient prejudice to LMC to justify denying the Motion to Amend. Accordingly, the Court will grant the Plaintiff's Motion to Amend as to the factual allegations and the misnumbered paragraphs.

Therefore, the Court will grant the Plaintiff's Motion to Amend [Doc. 40] but only to this extent. The Plaintiff may file a Second Amended Complaint that comports with this Order. Except as allowed, the Plaintiff's Motion to Amend will be denied.

### B.  Motion to Strike Answer

"'[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162

---

the parties will make up for the time they have wasted by proceeding through the discovery and motions stages in a most expeditious manner.

[8] The relevant amended factual allegations include allegations that LMC officials were informed that the Plaintiff suffers from ADHD and anxiety; that the Plaintiff asked for accommodations; that the Plaintiff asked for help from LMC officials to intervene on his behalf; and additional allegations about the Plaintiff's hearing panel. These allegations fit within the remaining claims for violation of the ADA and Rehabilitation Act.

(2d Cir. 2000)). Because this Court is granting in part the Plaintiff's Motion to Amend, the Plaintiff's Second Amended Complaint will become the operative pleading and the Defendant will be required to file a subsequent answer. Therefore, the Plaintiff's Motion to Strike Amended Answer is moot. Equi-Tech Labs, Inc. v. J. Mitton & Assocs., No. 3:10-cv-165, 2011 WL 2604827, at *2 (W.D.N.C. June 30, 2011) (citing Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002); Standard Chlorine of Del., Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D. Del. 1992)) ("Since the original answer is no longer in effect, Plaintiff's Motion to Dismiss and Strike the original answer is now moot.").

### C.    Leave to Proceed Anonymously

Contemporaneous with his Motion to Amend, the Plaintiff filed his Motion to Proceed Anonymously. [Doc. 38]. LMC has not filed any objection.[9]

The Federal Rules of Civil Procedure requires that a civil complaint set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a).  The Fourth Circuit has recognized that "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Doe v. Public Citizen, 749 F.3d 246, 273 (4th Cir. 2014). In weighing whether

---

[9] LMC did not consent to the Plaintiff's Motion to Proceed Anonymously. [Doc. 38].

to permit a party to proceed pseudonymously, the court considers multiple factors including (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation;" (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party;" and, (5) "the risk of unfairness to the opposing party." Id. (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Id., at 274.

Here, the Plaintiff contends that the use of a pseudonym is necessary in order protect the Plaintiff from "additional humiliation, injury and/or damage" because the Plaintiff suffers from ADHD and anxiety disorder and "the humiliation imposed upon said individuals [with these disabilities], directly and indirectly, is and can be substantial." [Doc. 38 at 2]. The Plaintiff

has not shown any "extraordinary circumstances." The Plaintiff's cursory allegation that the disclosure of his disability would generate humiliation is unsupported by evidence or explanation. Numerous cases before this Court and other courts involve identified plaintiffs with similar disabilities. The present circumstances are not extraordinary. There is a strong public interest in maintaining open court proceedings. The Court concludes that the Plaintiff's stated interest in litigating anonymously is substantially outweighed by the public's interest in open judicial proceedings. Therefore, the Plaintiff will not be permitted to proceed in this matter anonymously. The Plaintiff shall include his full name in the Second Amended Complaint.

### D.     Preliminary injunction

The purpose of a preliminary injunction is "to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997); see also In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003) ("The traditional purpose of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."). A preliminary

injunction cannot issue for matters "lying wholly outside the issues in the suit." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). That requirement means "claims unrelated to the allegations contained in the complaint cannot serve as the basis for a preliminary injunction." Imagine Medispa, LLC v. Transformations, Inc., 999 F. Supp. 2d 862, 867-68 (S.D. W. Va. 2014) (collecting cases).

In his Motion for a Preliminary Injunction, the Plaintiff requests that the Court require LMC to submit his academic transcripts to Appalachian State University. [Doc. 31]. LMC has refused to submit the transcripts stating that the Plaintiff owes LMC a balance of $5,560.77. [Doc. 32 at 3].[10] The Plaintiff contends that he will suffer irreparable injury if LMC does not release his transcripts without his first paying the balance LMC alleges that the Plaintiff owes. [Id.].[11]

The Plaintiff's remaining claims are against LMC for violations of the ADA and Rehabilitation Act. These claims are based on LMC's alleged

---

[10] In his Motion for a Preliminary Injunction the Plaintiff includes information that LMC offered to waive this outstanding balance in exchange for the Plaintiff dismissing the lawsuit. [Doc. 32 at 3]. Such evidence is neither admissible nor relevant under the Federal Rules of Evidence. Fed. R. Evid. 408(a).

[11] Inexplicitly, the Plaintiff himself apparently does not know about the outstanding balance or the missing transcripts. [See Doc. 33-1 at 4]. This raises the question of whether the Plaintiff is actually controlling his litigation. It is unclear as to how the Plaintiff contends this Court should find an "irreparable harm" where the Plaintiff has not demonstrated he is aware of the potential harm.

failure to accommodate the Plaintiff's ADHD and anxiety disorder while the Plaintiff was a student at LMC. [Doc. 13 at 9-10]. The Plaintiff does not explain how the production of transcripts would be a remedy for either of these remaining claims.[12]

It seems, instead, that the Plaintiff seeks this as a remedy as related to the Defendant's counterclaims. The Plaintiff, however, has no basis of relief from LMC's counterclaims. AVX Corp. v. Corning Inc., No. 5:15-cv-543-FL, 2020 WL 2527936, at *4 (E.D.N.C. May 18, 2020) (holding that "any reference to the counterclaim is insufficient to warrant" a preliminary injunction "because the counterclaim is brought by defendant, seeking relief on behalf of defendant"). As the Plaintiff's request for injunctive relief is not sufficiently related to the claims asserted in this lawsuit, his motion must be denied. See De Beers Consol. Mines, 325 U.S. at 220; Omega World Travel, Inc, 111 F.3d at 16.

---

[12] The Plaintiff also seems to recognize this error. The Plaintiff moved for leave to file the second amended complaint to include the count labeled "injunction" after filing the Motion for the Preliminary Injunction. [Doc. 40]. As this Court addresses *supra*, an injunction is a remedy, not a free-standing cause of action, and there is no colorable cause of action in that proposed count.

# ORDER

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. 40] is **GRANTED IN PART,** but only to the extent consistent that the Plaintiff is hereby granted leave to file a Second Amended Complaint with the revised factual allegations he has presented.  In all other respects, Plaintiff's Motion to Amend [Doc. 40] is **DENIED**. The Plaintiff is directed to file its Second Amended Complaint within seven (7) days of the entry of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike, or Alternatively, for Leave to Respond to, Amended Answer [Doc. 53] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to Proceed Anonymously [Doc. 38] is **DENIED**. The Plaintiff shall include his full name in the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction [Doc. 31] is **DENIED.**

**IT IS SO ORDERED.**

Signed: June 29, 2021

Martin Reidinger
Chief United States District Judge