THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00105-MR

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| LEES-McRAE COLLEGE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the "Plaintiff's Renewed Motion to File Declaration and Exhibits Under Seal" [Doc. 39].

The Court previously denied the Plaintiff's motion to file under seal without prejudice, finding that the Plaintiff had failed to comply with Local Civil Rule 7.1. [Doc. 37]. The Plaintiff now renews his motion to file under seal a declaration and supporting exhibits in support of his Motion for a Preliminary Injunction. [Doc. 39].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d

246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed the Renewed Motion to Seal on April 12, 2021, and it has been accessible to the

public through the Court's electronic case filing system since that time.[1] The Plaintiff's motion to seal, however, fails to demonstrate any interest compelling enough to overcome the presumptive right of public access to this civil action, under either the First Amendment or the common law. The Plaintiff's only argument appears to be that the documents should be sealed because the Plaintiff is requesting to proceed under the pseudonym "John Doe." The Court has denied the Plaintiff's Motion to Proceed Anonymously, so the documents do not need to be sealed to shield the Plaintiff's identity.

The Court also notes, with some concern, that the Plaintiff's filing includes the statement of the Plaintiff's father that the Plaintiff "is completely unaware of the problem" that is the subject of the underlying Motion for a Preliminary Injunction. [Doc. 33-1 at 4]. To the extent that this request to seal is intended for the purpose of keeping information *from* the Plaintiff, this request is denied. The Court questions of the propriety of such actions.

The Plaintiff has also filed under seal certain documents attached to his Reply regarding the Motion for a Preliminary Injunction. [Doc. 45]. As to these documents, however, there is no motion to seal pending. As the

---

[1] The Plaintiff's Motion to Proceed Anonymously, which is referenced in the Plaintiff's renewed Motion to Seal, was also filed on April 12, 2021, and has been accessible to the public since that time. [Doc. 38]. The Motion to Proceed Anonymously is addressed in a separate Order entered contemporaneously herewith.

3

Plaintiff has previously been reminded, for a document to remain under seal the party requesting the seal must comply with Local Civil Rule 6.1. Personal identifiers, such as home addresses or Social Security numbers, may simply be redacted from an exhibit without a motion and an unredacted version being filed under seal. See <u>Administrative Procedures Governing Filing and Service by Electronic Means</u>, at 29-31 (W.D.N.C. rev. Jan. 1, 2018), available at the Court's website at: https://www.ncwd.uscourts.gov/court-info/local-rules-and-orders/general-orders?page=2. These exhibits will be unsealed in seven (7) days unless the Plaintiff files an appropriate motion to seal. The Plaintiff may also file redacted versions of these exhibits where appropriate.

In sum, the Plaintiff has failed to articulate compelling interests that outweigh the strong presumption of public access to these documents. Accordingly, the Plaintiff's motion to seal is denied.

## ORDER

**IT IS, THEREFORE, ORDERED,** that Plaintiff's Renewed Motion to File Declaration and Exhibits Under Seal [Doc. 39] is **DENIED.**

**IT IS FURTHER ORDERED** that the Plaintiff has seven (7) days to file a motion to seal or to redact the exhibits supporting his reply to the Defendant's response opposing the preliminary injunction [Doc. 45].

**IT IS SO ORDERED.**

Signed: June 29, 2021

Martin Reidinger
Chief United States District Judge