IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-000105-MR-WCM

A.W. MUNDAY, )
 )
        Plaintiff, )
 )
vs. ) **O R D E R**
 )
LEES-McRAE COLLEGE, a North )
Carolina Corporation, )
 )
        Defendant. )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion to File Under Seal [Doc. 71].

The Defendant moves for leave to file under seal certain exhibits related to its summary judgment filings. [Doc. 71]. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d

249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant's motion was filed on May 9, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the exhibits at issue reference disciplinary records from the Plaintiff's student file, which are education records that are protected as confidential pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g(b)(2), and that the public's right of access to

such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these exhibits is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to File Under Seal [Doc. 71] is **GRANTED**, and the exhibits submitted as Document 70 shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: June 13, 2022

Martin Reidinger
Chief United States District Judge